IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GERALD J. JORDAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 1:17-CV-03876-CAP-JCF |
| CLAYTON COUNTY | : | |
| GOVERNMENT, CLAYTON | : | |
| COUNTY POLICE DEPARTMENT | : | |
| CHIEF GREG PORTER, and | : | |
| GINA V. HAWKINS, Deputy | : | |
| Chief, | : | |
| | : | |
| Defendants. | : | |

**ORDER and NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se*, seeks to file this employment discrimination complaint (*see* Doc. 1-1) without prepayment of fees or security pursuant to 28 U.S.C. § 1915(a). After consideration of his Application To Proceed In District Court Without Prepaying Fees Or Costs (Doc. 1), the Court **GRANTS** Plaintiff's request pursuant to 28 U.S.C. § 1915(a), and he shall be allowed to proceed with this action without prepayment of filing or United States Marshal Service fees.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be

1

granted.  A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED R. CIV. P. 8(a)(2).  That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79.  To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

"Additionally, because Plaintiff [is] acting pro se, [his] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  " 'This leniency, however,

does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.'" *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

Plaintiff, who was formerly employed as a police officer with the Clayton County Police Department, completed a form employment discrimination complaint in which he alleges that Defendants violated the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (ADA"). (Doc. 1-1 ¶ 1). Specifically, Plaintiff alleges that Defendants discriminated against him because of his disability (osteoarthritis and his height) by denying his request for an accommodation for his arthritic knee concerning the operation of a police vehicle and then terminating him, and they retaliated against him after he informed Human Resources that he would be filing a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") by reinstating him but transferring him to the "dog pound," stripping him of his badge, gun, and police credentials, and then terminating him again. (Doc. 1-1 at 6-10). Plaintiff also indicates that Defendants violated Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII) (Doc. 1-1 ¶ 1), but he did not allege that Defendants discriminated against him because of his race, color, religion, sex, or national origin (*id.* ¶ 13), as prohibited by Title VII. *See* 42 U.S.C.

3

§ 2000e-2(a).  Nor did he indicate in his EEOC charge that he was subjected to discrimination made unlawful by Title VII.  (Doc. 1-1 at 17).

Liberally construing the allegations set forth in Plaintiff's Amended Complaint, the Court cannot find that Plaintiff's ADA discrimination and retaliation claims against his former employer Clayton County action are frivolous or malicious.  Therefore, the undersigned **RECOMMENDS** that those claims be allowed to proceed.[1]  Plaintiff has not stated any facts to support a Title VII claim and therefore it is **RECOMMENDED** that that claim be **DISMISSED**.  It is also **RECOMMENDED** that "Clayton County Police Department" be **DISMISSED** as a defendant because "[t]he Clayton County Police Department is not a legal entity subject to suit."  *Bell v. Clayton Cnty. Police Dep't*, No. 1:14-cv-1242-WSD, 2015 U.S. Dist. LEXIS 6800, at *12 (N.D. Ga. Jan. 21, 2015) (dismissing claim asserted against Clayton County Police Department on review under 28 U.S.C. § 1915(e)(2)(B)).

---

[1] By recommending that those claims be allowed to proceed to service on Clayton County, the undersigned makes no finding that those claims would necessarily withstand a motion to dismiss nor reaches any conclusions about possible defenses Defendant may assert.  *See, e.g.*, *Livingston v. City of Syracuse*, No. 7:15-CV-475 (GLS/ATB), 2015 U.S. Dist. LEXIS 54261, at *8 (N.D. N.Y. Apr. 27, 2015) ("Based on the liberality with which pro se complaints are handled, this court will allow this action to proceed.  This court makes no finding as to the ultimate merits of the case or whether it would survive a motion to dismiss or one for summary judgment.").

It is further **RECOMMENDED** that Plaintiff's claims against Chief Greg Porter and Gina V. Hawkins in their individual capacities be **DISMISSED** because his ADA employment discrimination and retaliation claims are properly brought against his employer, Clayton County, and not against individuals.[2]  *See, e.g.*, *Albra v. Advan, Inc.*, 490 F.3d 826, 830-34 (11th Cir. 2007) (concluding that the district court properly dismissed the plaintiff's ADA employment discrimination claim against individual defendants because "individual defendants are not amenable to private suit for violating the anti-discrimination provision of Subchapter I of the ADA" and holding that individual defendants are also not liable under the ADA's anti-retaliation provisions where the act or practice opposed concerns discrimination in employment); *Udoinyion v. Guardian Sec.*, 440 Fed. Appx. 731, 734 (11th Cir. 2011) (unpublished decision) ("Here, the magistrate correctly found that Benjamin and Katherine Maner were not subject to suit because both Title VII and the ADA require that suits be brought only against employer-entities, not persons in their individual capacities.").

---

[2] To the extent Plaintiff intended to sue Porter and Hawkins in their official capacities, the undersigned **RECOMMENDS** his official capacity claims be **DISMISSED** as duplicative of his claims against Clayton County. *See Davis v. Fulton Cnty*, No. 1:08-CV-3241-CAM-ECS, 2015 U.S. Dist. LEXIS 149409, at *55 (N.D. Ga. Mar. 2, 2010) ("Claims against individual defendants in their official capacities are duplicative of claims against the governmental entity itself." (citing *Abusaid v. Hillsborough Cnty Bd. of Comm'rs*, 405 F.3d 1298, 1302 n.3 (11th Cir. 2005); *Cooper v. Dillon*, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991)).

## **Summary**

Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. It is **RECOMMENDED** that Plaintiff's ADA discrimination and retaliation claims against Clayton County be allowed to proceed but that all other Defendants and claims be **DISMISSED**.

**IT IS SO ORDERED, REPORTED and RECOMMENDED** this 1st day of February, 2018.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge
